IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RACHELLE RENEE B.,[1]

        Plaintiff,

v.

ANDREW M. SAUL,[2]
**Commissioner of Social Security,**

        Defendant.

CIVIL ACTION

No. 19-1041-JWL

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of the state agency medical consultant's (Dr. Sampat's) opinion, the court ORDERS that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

I.  **Background**

Plaintiff protectively filed applications for DIB and SSI on February 24, 2015. (R. 13, 196-97, 203-06). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in assessing her physical residual functional capacity (PRFC) because he did not address Dr. Sampat's opinion that Plaintiff would be limited to only occasional handling during flares of her inflammatory arthritis although he accorded some weight to the opinion; because he did not address the lay opinion of Plaintiff's last employer; and because he assessed Plaintiff's exertional level first without doing a function-by-function assessment of her limitations. (Pl. Br. 14-17). She also claims the ALJ erred in assessing her mental RFC (MRFC) because he failed to assess mental limitations which would account for the mild limitations he found in each of the four broad mental functional areas used to assess the severity of mental impairments at steps two and three of the sequential evaluation process. Id. at 17-18.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the

2

correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is required because the ALJ did not apply the correct legal standard in evaluating Dr. Sampat's opinion. On remand the Commissioner must reconsider his RFC assessment and his evaluation of steps four and five of the process. Because each of the remaining errors alleged are included within the issues necessarily considered on remand, Plaintiff may make her arguments in relation thereto to the Commissioner and the court will not provide an advisory opinion.

## II.  Discussion

Plaintiff acknowledges the ALJ accorded some weight to Dr. Sampat's opinion. (Pl. Br. 14). But she points out that Dr. Sampat opined that she would have flares of her symptoms and during the flares she would be limited to occasional handling. Id. She argues,

> The ALJ should have, at the very least, explained why he did not account for flares and limitations to occasional handling in the RFC as opined by Dr. Sampat. SSR [(Soc. Sec. Ruling)] 96-8p requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.

Id. at 14-15 (citing Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007)).

The Commissioner acknowledges that the ALJ "found [Plaintiff]] capable of frequent handling without expressly discussing Dr. Sampat's comment that, during symptom flares, she would be limited to occasional handling." (Comm'r Br. 10). But he argues that he is not required to discuss every piece of evidence. Id. (citing Wall, 561 F.3d at 1067; Wilson, 602 F.3d at 1148). He argues that it is reasonably clear from the decision the ALJ found the flares do not impose additional limitations because the ALJ

5

found "that Plaintiff's symptoms were generally stable and improved on medication; only a few ('some') flares were documented between late-2014 and mid-2015, and these improved quickly once treated." (Comm'r Br. 10). He argues that although the ALJ could have explained his rationale better, "[i]t does not warrant disturbing the ALJ's decision." Id. (citing Davis v. Erdmann, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("[A] decision of less than ideal clarity [will be upheld] if the agency's path may reasonably be discerned." (citations omitted))). In her Reply Brief, Plaintiff argues that Wall does not address opinion evidence and distinguishes Wilson because the evidence at issue there does not contain functional limitations.

### III. Analysis

The Commissioner is correct that an ALJ is not required to discuss every piece of evidence. Wall, 561 F.3d at 1067; Wilson, 602 F.3d at 1148 (citing Wall). However, as the court in Wall recognized, the court "will generally find the ALJ's decision adequate if it discusses the 'uncontroverted evidence' the ALJ chooses not to rely upon and any 'significantly probative evidence' the ALJ decides to reject." Wall, 561 F.3d at 1067 (quoting Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007); see also, Grogan v. Barnhart, 399 F.3d 1257, 1266 (10th Cir. 2005), and Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996) ("the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").

The ALJ explained his evaluation of Dr. Sampat's opinion:

As for the opinion evidence, the undersigned gives some weight to the opinion of State agency medical consultant Pravin Sampat, MD, how [sic] opined in November 2015 that the claimant could perform light work;

6

could occasionally climb ladders, ropes, and scaffolds, kneel, crouch, and
crawl; could frequently climb ramps and stairs, balance, and stoop; and
must avoid concentrated exposure to extreme temperatures, wetness,
humidity, vibration, heights, and hazards (Ex. 5A, 6A [(R. 104-29)]). This
consultant examined the objective medical evidence and is familiar with
program requirements. His opinion is generally consistent with the
objective medical evidence. Evidence submitted at the hearing level, and
the claimant's hearing testimony, however, indicate further limitations (Ex.
10F [(R. 1564-1610)], Hearing Testimony [(R 34-67)]). Accordingly, the
undersigned gives this opinion some weight to the extent consistent with
the above residual functional capacity.

(R. 20). As this summary reveals, the ALJ summarized Dr. Sampat's exertional, postural, and environmental limitations, but said nothing about manipulative limitations.

As Plaintiff suggests, Dr. Sampat opined that Plaintiff has manipulative limitations in handling with both hands. (R. 112). Moreover, Dr. Sampat explained his finding, stating that Plaintiff has the most problems with her right wrist but that with both wrists she is limited to frequent handling. Id. He explained that she has a "record of flare ups." and that "during flare ups [she is] limited to occasional." Id. In his RFC assessment, the ALJ assessed Plaintiff with the ability "to frequently handle," and he said nothing about Plaintiff's ability to handle during flare ups or about the duration or frequency of flare ups. (R. 18) (bold omitted).

As the Commissioner suggests, the ALJ stated, "Despite some flares, [Plaintiff's] symptoms are generally stable on medication." (R. 19). He also noted "two major flares" by October 2013, an acute flare in November 2014, a pain flare in February 2015, another flare in June 2015, and worsening arthritis pain in August 2015. Id. at 19-20.

Dr. Sampat's opinion regarding Plaintiff's manipulative limitations is uncontroverted by any other opinion in the record. Moreover, it is significantly probative

7

in that if accepted it precludes the VE's testimony that two of the representative jobs are available to a hypothetical individual with such manipulative limitations. Yet, contrary to the legal standard applicable in this circuit, the ALJ did not discuss it. In fact, from the summary given, it is not even clear the ALJ was aware that Dr. Sampat opined regarding manipulative limitations.

And, as Plaintiff points out, SSR 96-8p includes narrative discussion requirements for an RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2019). The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. Id. at 150.

Here, the ALJ did not discuss uncontroverted and significantly probative evidence included in Dr. Sampat's opinion. And, the ALJ's assessment of manipulative limitations conflicts with Dr. Sampat's opinion regarding only occasional handling during flare ups, but the ALJ did not resolve the conflict or explain why he did not adopt the opinion. This is error requiring remand.

Here, Plaintiff "requests the Court [sic] reverse the final decision of the Commissioner with directions to the Commissioner to grant her claims for disability insurance and supplemental security income benefits." (Pl. Br. 18), (Reply 10). The court recognizes that in the appropriate case it has authority to remand and direct an award of benefits. 42 U.S.C. § 405(g) (sentence 5). However, Plaintiff provides neither

8

factual nor legal basis to demonstrate that this is an appropriate case. This case shall be remanded for further proceedings consistent with this decision.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated February 6, 2020, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**